UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

MATSCO, a division of WELLS FARGO, N.A.,

                    Plaintiff,          **MEMORANDUM AND ORDER**

     -against-                      Case No. 09-CV-3362 (FB) (SMG)

SUSAN MARIE PATTIS and VIP VETERINARY HOSPITAL, P.C.,

                    Defendant.
---------------------------------------------------------x

*Appearances:*
*For the Plaintiff:*
MICHAEL H. LEVISON, ESQ.
Pitney Hardin, LLP
7 Times Square
New York, NY 10036

**BLOCK, Senior District Judge:**

        On August 5, 2009, plaintiff Matsco ("Matsco") filed a complaints containing numerous claims, including the breach of a loan contract and a guaranty contract, for which it seeks damages. As defendant Susan Marie Pattis ("Pattis"),[1] after being duly served, failed to respond to the complaint or otherwise defend against the action, *see* Docket Entry #6 (Clerk's Entry of Default), Matsco now moves for entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b) in respect to its first and second claims.[2]

---

[1] Plaintiff's claims against defendant VIP Veterinary Hospital, P.C. ("VIP"), were stayed on November 16, 2009, because VIP filed for Chapter 11 bankruptcy.

[2] Matsco's counsel states that it "is not seeking the entry of a final judgment with respect to any of the other claims set forth in the Complaint;" as such, the Court considers all other claims against Pattis withdrawn. *See* Levinson Aff. ¶ 5.

A defendant's default is an admission of all well-pleaded allegations in the complaint except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). A district court must nevertheless determine whether the allegations state a claim upon which relief may be granted, *see Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("[A district court] need not agree that the alleged facts constitute a valid cause of action."); if they do, damages "must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." *Greyhound Exhibitgroup*, 973 F.2d at 158.

Matsco alleges that Pattis entered into a loan contract and a guaranty contract, *see* Compl. Exs. 1-4, pursuant to which she was responsible for monthly payments to Matsco. Matsco alleges that it preformed its obligations under these contracts, *see id.* ¶ 20, 26, and that Pattis failed to make the required monthly payments due to Matsco, *see id.* ¶ 19, 24.

These allegations – deemed admitted – are sufficient to establish a breach of these contracts. Thus, Matsco's motion for entry of a default judgment is granted.

The matter is referred to the assigned magistrate judge for a report and recommendation on the relief to be awarded.

**SO ORDERED**.

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
December 9, 2009